IN THE SUPREME COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ILLINOIS UNION INSURANCE COMPANY, | § § § § | No. 345, 2019 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N18C-06-114 |
| PROVIDENCE SERVICE CORPORATION, | § § § § | |
| Plaintiff Below, Appellee. | § § | |

Submitted: August 8, 2019
Decided: August 20, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice of appeal, and the documents attached hereto, it appears to the Court that:

(1) The defendant below-appellant, Illinois Union Insurance Company ("Chubb"), has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Superior Court opinion, dated July 9, 2019, granting the motion for partial summary judgment filed by the plaintiff below-appellee, Providence Service Corporation, and denying the cross-motion for summary

judgment filed by Chubb.[1]  The Superior Court held that the professional incidents in two different lawsuits were not related for purposes of the Prior Acts or Prior Notice Exclusion in the excess insurance policy issued by Chubb.

(2)  On July 19, 2019, Chubb filed an application for certification of an interlocutory appeal.  Chubb argued that the Superior Court's decision determined a substantial issue of material importance, there were conflicting trial court decisions on the question of law resolved in the decision, and review of the decision might terminate the litigation and would serve the interests of justice.  Providence opposed the application.

(3)  On August 7, 2019, the Superior Court denied the application. Applying the Rule 42 criteria, the Superior Court concluded that the opinion determined a substantial issue, but that there were not conflicting trial court decisions and that review would not substantially reduce further litigation or serve the interests of justice.

(4)  We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[2]  In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under

---

[1] *Providence Serv. Corp. v. Illinois Union Ins. Co.*, 2019 WL 3854261 (Del. July 9, 2019).
[2] Supr. Ct. R. 42(d)(v).

Supreme Court Rule 42(b). The case is not exceptional,[3] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] Supr. Ct. R. 42(b)(ii).
[4] Supr. Ct. R. 42(b)(iii).